**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 3 2010

JAMES W. McCORMACK, CLERK
By: _Jackson_                    DEP CLERK

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FLOYD'S CHIPMILL, INC.

                                                    PLAINTIFF

v.                          No. 5-09-CV-0275 JMM

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY AND
STEPHEN GLENN, INDIVIDUALLY;
STEPHEN GLENN & ASSOCIATES,
INC.; AND, INSURANCE CENTER, INC.
OF LITTLE ROCK                                      DEFENDANTS

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY             DEFENDANT/THIRD-PARTY PLAINTIFF

v.

STEPHEN GLENN, INDIVIDUALLY;
STEPHEN GLENN & ASSOCIATES,
INC.; AND, INSURANCE CENTER, INC.
OF LITTLE ROCK                      THIRD-PARTY DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain information and documents which may be discovered or offered into evidence at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Protective Order.

It is agreed that material requested by any party which is deemed confidential shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

    a.    To any person with prior written consent of the attorney of record for the producing party;

    b.    To counsel for the parties who are actively engaged in the conduct of this

882472-v1

litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

c.      To the parties to the litigation and their experts; and

d.      To any other individuals included by order of the Court;

Documents produced by the parties to which this Protective Order is applicable shall be stamped "CONFIDENTIAL.".

The parties may designate pages of deposition transcripts as confidential. This may be done by underlining the portions of the pages that are confidential and marking these pages as "CONFIDENTIAL.". Confidential pages of deposition transcripts will be treated as any other documents subject to this Protective Order.

Nothing in this Order shall preclude any party from challenging the designation of a document or information as CONFIDENTIAL by another party in accordance with the following procedures:

A.      Notice of Challenge to Confidentiality.  If any party elects to challenge the designation as CONFIDENTIAL, of any document, deposition testimony, or other information pursuant to this Order, that the party shall first provide the designating party seven (7) days advance written notice to afford the designating party as opportunity to voluntarily remove such designation.

B.      Motion Challenging Confidentiality.  If, after expiration of the seven (7) day period, the designating party has not agreed to remove the designation as CONFIDENTIAL and the parties are otherwise unable to resolve the challenge to confidentiality, the challenging party may file a written motion with the court for an order removing or modifying the

challenged designation.  Such motion shall be accompanied by a list of all documents and the documents which are being contested.

      C.     <u>Burden</u>. The designating party shall have the burden of demonstrating the confidential nature of the designated document, deposition testimony, or other information.

      D.     <u>Unresolved Challenges to Confidentiality</u>.  If the challenge is not resolved by agreement, or by voluntary removal, and if no motion is filed, then the CONFIDENTIAL designation shall remain in effect and continue to apply to such document or information.

Subject to the Federal Rules of Evidence, confidential documents and information may be offered in evidence at trial or any Court hearing.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

Any material submitted to or filed with the Court which contains information covered by this Protective Order shall be filed under seal, in a sealed envelope marked to indicate that the enclosed material is confidential and is to be made available only to the presiding judge and the judge's staff unless and until the Court orders otherwise.

The parties may agree subsequently to exclude any information or documents from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order.

The information covered under this Protective Order shall be used only for purposes of this litigation.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this Protective Order.  No individual

In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure.   In the event either party is subpoenaed or otherwise legally required by legal process to disclose the information, it shall immediately notify the opposing party and provide them with an opportunity to object before any disclosure is made.

Within one-hundred and twenty (120) days after filing a conclusion of all aspects of the litigation of the referenced case, CONFIDENTIAL documents and all copies in print (other than exhibits of record) shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

_____
DATE

APPROVED AS TO FORM:

_____
Robert M. Cearley, Jr.
CEARLEY LAW FIRM, P.A.
212 Center Street, Ste. 200
Little Rock, Arkansas 72201
*Attorney for Floyd's Chipmill, Inc.*

In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise legally required by legal process to disclose the information, it shall immediately notify the opposing party and provide them with an opportunity to object before any disclosure is made.

Within one-hundred and twenty (120) days after filing a conclusion of all aspects of the litigation of the referenced case, CONFIDENTIAL documents and all copies in print (other than exhibits of record) shall be returned to the party which produced the documents or, if agreed to by the parties, destroyed.

     IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

_____
DATE

APPROVED AS TO FORM:

_____
Robert M. Cearley, Jr.
CEARLEY LAW FIRM, P.A.
212 Center Street, Ste. 200
Little Rock, Arkansas 72201
*Attorney for Floyd's Chipmill, Inc.*

_____
Scott M. Strauss
Cynthia W. Kolb
Rick A. Behning, Jr.
BARBER, MCCASKILL, JONES & HALE, P.A.

4
881601-v1

Scott M. Strauss
Cynthia W. Kolb
Rick A. Behring, Jr.
BARBER, MCCASKILL, JONES & HALE, P.A.
2700 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
*Attorneys for Indiana Lumbermens Mutual Insurance Company*


J. Andrew Vines
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
*Attorneys for Stephen Glenn, Stephen Glenn & Associates, Inc.,*
*and Insurance Centers, Inc. of Little Rock*

881601-v1