IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FLOYD'S CHIPMILL, INC.                                              PLAINTIFF

VS.                           NO.  5:09CV275 JMM

INDIANA LUMBERMENS MUTUAL
INSURANCE COMPANY                                                   DEFENDANT/THIRD
                                                                    PARTY PLAINTIFF

VS.

STEPHEN GLENN, INDIVIDUALLY,
STEPHEN GLENN & ASSOCIATES, INC.,
and SOUTHWEST INSURANCE CENTER CORP.,
d/b/a INSURANCE CENTER, INC.                                        THIRD PARTY
                                                                    DEFENDANT

## ORDER

Pending are motions for summary judgment filed on behalf of Indiana Lumbermens Mutual Insurance Company ("ILM"), docket # 47, Floyd's Chipmill, Inc. ("Floyd's"), docket # 55 and Stephen Glenn, individually, Stephen Glenn & Associates, Inc. and Insurance Center, Inc. Little Rock, ("the Glenn Defendants"), docket # 62.

This is an action seeking declaratory judgment to establish Plaintiff's rights under a commercial general liability insurance policy issued by Defendant ILM and for damages for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, bad faith, punitive damages and for 12% penalty, interest and attorneys fees.  Plaintiff also asserts causes of action for breach of contract, negligence and breach of fiduciary duty against the Glenn Defendants.  ILM seeks indemnity and contribution from the Glenn Defendants.

The action arises out of an industrial accident wrongful death claim against Plaintiff which sought both compensatory and punitive damages ("the Burl claim").  ILM denied coverage

for punitive damages, but provided a defense. Judgment was entered for both compensatory and punitive damages. ILM ultimately paid the compensatory award and Plaintiff paid the punitive award. Plaintiff contends that ILM should have settled the underlying claim within the policy limits and not exposed the Plaintiff to the punitive damages ultimately awarded. ILM denies liability claiming that the contract of insurance excluded punitive damages and therefore, it was not contractually obligated to satisfy the punitive damages award against Floyd's.

The parties have moved for summary judgment and agree that the issue as to the application and enforcement of the punitive damages exclusion at issue is ripe for summary judgment. Floyd's has withdrawn its claim for bad faith.

Facts

On June 6, 2008, Curtis Wayne Burl was fatally injured after a log was dropped on him while being unloaded by an employee of Floyd's. As a result of Mr. Burl's death, an administrator of Mr. Burl's estate filed a wrongful death action styled *Burl v. Floyd's Chipmill, Inc., et. al.*, in the Circuit Court of Drew County, Arkansas seeking compensatory and punitive damages against Floyd's.

ILM issued a Commercial General Liability ("CGL") Policy to Floyd's, numbered APP 19063802, and a Commercial Umbrella Liability Policy, numbered CUL 14150561 with effective dates of January 10, 2008 to January 10, 2009 and limits of one million dollars each. Both policies of insurance included an endorsement excluding insurance coverage for punitive damages. Specifically, the CGL policy included the following endorsement, identified as 15570502, listed in the Schedule of Endorsements:

**EXTRA CONTRACTUAL DAMAGE:**

**PUNITIVE OR EXEMPLARY DAMAGE**
**EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

**General Liability**
When this endorsement is attached to your policy, you have no coverage for any extra contractual damages, which also may be characterized as punitive or exemplary damages.  These damages may be stated as, but not limited to fines, penalties or multiplication of compensatory awards.  It does not matter what the award is called.  If the damages are not compensatory, they will be considered to be punitive or exemplary, and we will not pay them.

In the event suit is brought against you claiming both compensatory and punitive damages, we will defend you.  However, we will not pay any costs, interest or damages awarded as punitive or exemplary.

The Arkansas Department of Insurance approved this endorsement on June 3, 2002. Floyd's argues that the endorsements are void and unenforceable because they do not comply with Ark. Code Ann. §23-79-307(8) which contains a definition of punitive damages not contained in the endorsements, and Ark. Code Ann. §23-79-307(3) which requires notice and written acceptance of an endorsement that restricts or limits coverage.  Further, Floyd's argues that the approval of the endorsement by the Arkansas Department of Insurance has no effect as the Department lacks the authority to ignore the statutory requirements of Ark. Code Ann.§23-79-307(8) .

Floyd's and the Glenn Defendants argue that the policies at issue are renewals of policies issued in 1999 which did not contain punitive damages exclusion endorsements.  Floyd's and the Glenn Defendants state that the 1999 policy, which covered punitive damages, was renewed annually with no lapse in coverage at any time and on the same terms in 2000, 2001, and 2002. In 2003, ILM added a punitive damages exclusion endorsement. ILM admits that the original

3

policies did not contain punitive damages exclusion endorsements and that the contracts entered in 2003 through 2008 did contain the endorsement.  ILM disputes that the policies at issue are renewal policies of the 1999 policy and contends that each separate policy was a new policy obtained based on a proposal made by Plaintiff's agent, Stephen Glenn, and a quote from ILM.  Floyd's and the Glenn Defendants argue that they did not request the addition of the exclusion and received no notice that the endorsement had been included in the policies until receipt of the July 20, 2009 reservation of rights letter.

Based on the terms of the policies of insurance, ILM provided a defense to Floyd's in the underlying suit of *Burl v. Floyd's et. at.*  However, ILM provided  Reservation of Rights letters to Floyd's, which notified Floyd's, in part, that ILM had no contractual duty to indemnify Floyd's for punitive damages.  Floyd's argues that ILM violated its duty to defend by abandoning Floyd's post trial, leaving it subject to garnishments; refusing to post a supersedeas bond, or appealing the judgment.  Floyd's argues that ILM prejudiced its ability to defend and protect itself from a punitive damages award by sending the Reservation of Rights letter dated July 20, 2009, only two weeks before trial when ILM had been aware that the plaintiff in *Burl* sought both compensatory and punitive damages for more than one year prior to trial.

During the course of the litigation in the underlying suit, ILM offered $700,000 to settle the claims against Floyd's.  The Burl plaintiffs rejected this offer and demanded $1.5 million to settle, however, they reduced their demand before trial to $1.2 million.  Floyd's demanded that ILM settle the Burl action within the applicable policy limits of $2 million.

The Burl case was tried in Drew County, Arkansas August 5-7, 2009.  The jury ultimately awarded the plaintiff $250,000 in compensatory damages and $250,000 in punitive damages.

ILM satisfied the compensatory judgment of $250,000. ILM advised Floyd's that it would not satisfy the punitive damages judgment of $250,000. Judgment was entered in the underlying action on August 13, 2009, for "$500,000 plus interest thereon at the judgment rate of 5.25% per annum . . . plus costs in the amount of $875.00 for all of which execution may immediately issue." Floyd's argues that ILM failed to do anything to protect it from enforcement of the judgment and that garnishments were issued and served on August 14, 2009, which tied up Floyd's bank accounts totaling over $400,000 and caused Floyd's to incur additional expenses in court costs, bank charges and attorney's fees.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

Floyd's argues that the endorsements at issue are void and unenforceable because they do not comply with Ark. Code Ann. §23-79-307(8) which contains a definition of punitive damages not contained in the endorsements. Ark. Code Ann. 23-79-307(8) provides: "Policies containing an exclusion for punitive damages must include a definition of punitive damages substantially similar to the following: 'Punitive damages' are damages that may be imposed to punish a wrongdoer and to deter others from similar conduct.'" The endorsements at issue provide:

> When this endorsement is attached to your policy, you have no coverage for any extra contractual damages, which also may be characterized as punitive or exemplary damages. These damages may be stated as, but not limited to fines, penalties or multiplication of compensatory awards. It does not matter what the award is called. If the damages are not compensatory, they will be considered to be punitive or exemplary, and we will not pay them.

The Court finds the endorsement language to be substantially similar to the required

definition of punitive damages contained in Section 23-79-307(8). Accordingly, the Court will deny the Plaintiff's motion for summary judgment declaring the endorsements void and unenforceable because they do not comply with Ark. Code Ann. §23-79-307(8).

Floyd's also argues that the endorsements are unenforceable because ILM failed to provide the notice and written acceptance required by Ark. Code Ann. §23-79-307(3) which states: " Forms or endorsements issued after the policy inception date not at the request of the named insured that reduce, restrict, or modify the original policy coverage must be accepted and signed by the named insured." Floyd's argues that the punitive damages exclusion endorsements were added to the renewal policies with the 2003-2004 renewal term, and each renewal year thereafter, without notice to Floyd's or its insurance agent and without the written acceptance of the change endorsement. ILM argues that it was not required to obtain a signed acceptance of the Punitive Damage Exclusion from the Plaintiff and that it properly notified Floyd's when it provided approximately six (6) years of policies that included the Punitive Damage Exclusion. ILM also contends that the "inception date" of the policy in question was January 10, 2008 and, at the date of its inception, the policy included the Endorsement, therefore, it was not required to obtain Floyd's written acceptance. It is undisputed that ILM provided no notice of the punitive damages exclusion endorsement other than providing the policies to Floyd's and the Glenn Defendants.

ILM disputes that the contract at issue is a renewal contract. However, the face page of contract itself identifies the contract as a "Renewal of Number 19063802." Further, Floyd's offers evidence of correspondence dated December 29, 2005 in which Mike Loureiro, ILM Commercial Lines Underwriter, provides "renewal numbers" to Terry Lenahan for the Floyd's

Chipmill account, evidencing ILM's intent to renew Floyd's previous coverage. The Court finds the policy at issue to be a renewal policy.

In addition to the statutory requirements requiring notice and acceptance of modifications reducing or restricting the original policy coverage, Arkansas common law also requires notice of any changes made to vary the terms of a renewal contract. Arkansas law provides that "[t]he renewal of an insurance policy is basically nothing more than the moving of the terminal date to a later time," and if an insurer decides, for any reason, to vary the terms of the policy, "the duty [is] clearly upon it to advise the insured of the changes which had been made." *American Cas. Co. v. Hambleton,* 233 Ark. 942, 947, 349 S.W.2d 664, 667 (1961). Further, " [s]ince it is the duty of an insurer to issue a renewal policy on the same terms and conditions as the original contract, if it fails to do so, the renewal policy may be reformed to give effect to this result." *Id., quoting*, Appleman, Insurance Law and Practice, Vol. 13, §7648. However, the Court may, in its discretion, deny the relief on the ground of the Plaintiff's neglect to discover the change sooner. *General Agents Ins. Co. v. St. Paul Ins. Co.*, 22 Ark. App. 46, 732 S.W.2d 868 (1987).

The Court finds the issue of notice should be decided after a hearing in which the parties present evidence and argument regarding the issue of whether ILM satisfied the statutory and common law requirements and whether the Court should deny relief based on Floyd's neglect to discover the change sooner. Floyd's motion for summary judgment on the issue of notice will be denied at this time.

The Glenn Defendants acknowledge that they had no authority to bind ILM to coverage. Accordingly, ILM concedes that it has no claim for contribution under the Uniform Contribution Among Tortfeasors Act. Thus, the Glenn Defendants' motion for summary judgment is granted

as to ILM's claim for contribution. The Court will address the survivability of ILM's indemnity claim at the time of the hearing.

Should the Court find the punitive damages exclusion endorsement enforceable, Floyd's negligence and punitive damages claims against ILM remain viable as questions of fact exist as to whether ILM breached its duty to properly defend the Burl action. The Punitive Damages Exclusion, upon which ILM relies, specifically provides: "In the event a 'suit' is brought against you claiming both compensatory as well as punitive damages, we will defend you. However, we will not pay any costs, interest or damages awarded as punitive or exemplary" Genuine issues of material fact exist as to whether ILM properly defended Floyd's in the underlying trial and thereafter by failing to lodge an appeal. As to Floyd's claim of breach of contract against ILM, questions of fact exist as to whether ILM breached its duty to defend. As to the duty to lodge an appeal, the Court will reach questions of ambiguity in the contract provisions addressing this duty following the hearing on the issue of notice.

In the event the punitive damages exclusion endorsement is found to be enforceable, Floyd's claims against the Glenn Defendants for breach of contract and negligence remain as genuine issues of material fact exist as to whether a special relationship exists between the Glenn Defendants and Floyd's such that the Court could find a duty to advise regarding coverage and whether the Glenn Defendants were contractually obligated to obtain insurance coverage for Floyd's which included coverage for punitive damages.

## Conclusion

Floyd's bad faith claim is hereby dismissed. ILM's contribution claim against the Glenn Defendants is dismissed. ILM's motion for summary judgment, docket # 47, is granted in part

and denied in part; Floyd's motion for summary judgment, docket # 55, is denied; and the Glenn defendants motion for summary judgment, docket # 62, is granted in part and denied in part. The Court will set a hearing at which time the parties can introduce evidence and

 argument regarding the notice issue.  Following this hearing, the Court will determine whether the Punitive Damages Exclusion Endorsement is enforceable.  If the Court determines that the Endorsement is enforceable, the case will proceed to jury trial as scheduled on the remaining claims.

IT IS SO ORDERED this 7th day of March, 2011.

_____
James M. Moody
United States District Judge